IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANTZ DAVIS,                        No. CIV S-07-2520-FCD-CMK-P

        Plaintiff,

   vs.                           FINDINGS AND RECOMMENDATIONS

JOE McGRATH, et al.,

        Defendants.

                          /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' unopposed motion to dismiss (Docs. 23 and 24) based on failure to exhaust administrative remedies.

        A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120; see also Jones v. Bock, 127 S.Ct. 910 (2007).

1    Prisoners seeking relief under § 1983 must exhaust all available administrative
2 remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory
3 regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling
4 Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of
5 the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies
6 while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The
7 Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199
8 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in
9 the complaint because lack of exhaustion is an affirmative defense which must be pleaded and
10 proved by the defendants; (2) an individual named as a defendant does not necessarily need to be
11 named in the grievance process for exhaustion to be considered adequate because the applicable
12 procedural rules that a prisoner must follow are defined by the particular grievance process, not
13 by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some,
14 but not all, claims are unexhausted. The Supreme Court also held in Woodford v. Ngo that, in
15 order to exhaust administrative remedies, the prisoner must comply with all of the prison
16 system's procedural rules so that the agency addresses the issues on the merits. 548 U.S. 81, 89-
17 96 (2006). Thus, exhaustion requires compliance with "deadlines and other critical procedural
18 rules." Id. at 90. Partial compliance is not enough. See id.
19    A prison inmate in California satisfies the administrative exhaustion requirement
20 by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of
21 Regulations. In California, inmates "may appeal any departmental decision, action, condition, or
22 policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code
23 Regs. tit. 15, § 3084.1(a). These regulations require the prisoner to proceed through several
24 levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal to institution
25 head; (4) third level appeal to the director of the California Department of Corrections and
26 Rehabilitation. A decision at the third formal level, which is also referred to as the director's

level, is not appealable and concludes a prisoner's departmental administrative remedy. See Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may summarily reject a prisoner's untimely administrative appeal. See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c).  If a group of inmates intend to appeal the same decision or action, one grievance form is used and a list of the participating inmates must be attached.  The list must be legible and state the inmates' names, departmental identification numbers, and housing assignment.  The form must also be signed by all participating inmates.  Currently, California regulations do not contain any provision specifying who must be named in the grievance.

In certain circumstances, the regulations make it impossible for the inmate to pursue a grievance through the entire grievance process. See Brown v. Valoff, 422 F.3d 926, 939 n. 11 (9th Cir. 2005).  Where a claim contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lose any authority to act on the subject of the grievance. See id. at 937 (citing Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff complaint." See id. at 940.  If there are separate claims in the same grievance for which further administrative review could provide relief, prison regulations require that the prisoner be notified that such claims must be appealed separately. See id. at 939.  The court may presume that the absence of such a notice indicates that the grievance did not present any claims which could be appealed separate from the confidential "staff complaint" process. See id.

In this case, defendants argue that ". . . Plaintiff never filed any grievances regarding the conduct in his complaint."  Defendants have submitted the declarations of T. Robertson and N. Grannis in support of their motion.  Robertson, who is the appeals coordinator at High Desert State Prison, states that plaintiff filed one inmate grievance on October 16, 2007, concerning removal from the workgroup, which is not an issue in this case.  Grannis, who is the acting chief of the appeals branch for the entire California Department of Corrections and Rehabilitation, states that plaintiff ". . . has not filed and been accepted for review a third-level

1 appeal. . . ." Based on these declarations, which are undisputed by plaintiff, it is clear that
2 plaintiff has not exhausted his administrative remedies with respect to any claim, let alone the
3 claims raised in this case.  For this reason, defendants' motion should be granted and this case
4 should be dismissed.
5       Based on the foregoing, the undersigned recommends that defendants' motion to
6 dismiss (Docs. 23 and 24) be granted.
7       These findings and recommendations are submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
9 after being served with these findings and recommendations, any party may file written
10 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
11 Findings and Recommendations."  Failure to file objections within the specified time may waive
12 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 27, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE